```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

| | | |
|---|---|---|
| EASTON APPLIANCE SERVICE, INC. and ERIE INSURANCE EXCHANGE | * * | |
| Plaintiffs | * | |
| vs. | * | CIVIL ACTION NO. MJG-06-1839 |
| UNITED STATES OF AMERICA, et al. | * * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court has before it the Joint Motion for Summary Judgment and Remission of Funds filed by Baker Botts L.L.P. ("the Law Firm")and the Becket Defendants [Paper 14] to which there has been no response.  There is also an Answer filed by the Internal Revenue Service suggesting that the United States should be substituted as a Defendant in lieu of the I.R.S.  The Court finds that a hearing is unnecessary.

In brief, the Beckett home was destroyed by fire; they retained the Law Firm, on a contingent fee basis, to sue Maytag Corporation and Easton Appliance Service, Inc. ("Easton") with regard to the fire.  The Law Firm did so and the case was settled.  As pertinent hereto, the settlement called for Easton to pay the five Becketts $50,000, allocated by the agreement as $10,000 for Richard M. Beckett and $10,000 for each of the other four Becketts.

Easton has ascertained that the Internal Revenue Service has filed a tax lien upon all property of Richard M. Beckett. The Law Firm (with the agreement of the Becketts) has requested that Easton pay the entire $50,000 to the Law Firm. Easton has brought the instant lawsuit as an interpleader action.

It appears that, without regard to certain misunderstandings regarding federal tax procedures, the instant case can be resolved rather simply. Easton should have no further liability. If the Internal Revenue Service seeks to levy against the funds held by the Clerk, the Law Firm would have the opportunity to contest in this court what it claims would be a wrongful levy. See 26 U.S.C. § 7426(a)(1) (2005). Thus, it is necessary to determine whether there is any dispute at all with regard to the Law Firm's claim and, if so, to resolve it.

The Becketts agree that the Law Firm should collect the entire $50,000 from Easton. Easton does not care who gets the $50,000 so long as it is off the hook for any further liability. The Internal Revenue Service has not been able to get its file to its counsel, an attorney in the Tax Division of the Justice Department, so he can only assert a lack of knowledge about anything other than the fact that the Internal Revenue Service is the wrong Government Defendant. Thus, the only dispute that

there may be would be between the Internal Revenue Service and the Law Firm.

Under the circumstances, the Court will take action to resolve this case sensible and simply.

Accordingly:

1. The Joint Motion for Summary Judgment and Remission of Funds filed by Baker Botts L.L.P. ("the Law Firm") and the Becket Defendants [Paper 14] is GRANTED.

2. The United States shall be substituted as a party Defendant.

3. The Clerk shall, in the absence of any outstanding Internal Revenue Service levy or further Order, remit the sum of $50,000 plus interest, less any registry fee, to Baker Botts L.L.P. on November 30, 2006 or as soon thereafter as shall be practicable.

4. If the Internal Revenue Service shall, prior to the remission of funds provided by the foregoing paragraph, serve a levy on the Clerk:

    a. Government counsel shall advise the Law Firm and the Court of the amount of the subject funds that the Internal Revenue Service claims is subject to the levy,

    b. If the Internal Revenue Service and the Law Firm cannot agree upon the disposition of the funds held by the Clerk, the Law Firm shall arrange a telephone conference with the Court to discuss further proceedings herein.

SO ORDERED, on <u>Tuesday, September 26, 2006</u>.

/ s /
Marvin J. Garbis
United States District Judge